Hamilton, Circuit Judge, concurring.
*498 I join the court's judgment and opinion. For reasons explained in Shields v. Illinois Dep't of Corrections , 746 F.3d 782 (7th Cir. 2014), whether we should continue to apply the Monell standard to private corporations when they act under color of state law presents a substantial question. These appeals, however, are not the occasion to decide that larger question. Dr. Chmell's testimony about the defendants' care of plaintiff Gaston helps show that plaintiff cannot prove that one or more agents of Wexford acted with deliberate indifference toward his serious medical needs. Also, plaintiff has given up trying to prove that Wexford had a policy of deliberate indifference that would satisfy the Monell standard. Cf. Glisson v. Indiana Dep't of Corrections , 849 F.3d 372, 379-82 (7th Cir. 2017) (en banc) (reversing summary judgment for private healthcare provider where evidence would support finding that provider deliberately chose not to provide for coordination of medical care in complex cases, and that absence of such coordination caused prisoner's death).
I write separately to highlight a set of subtler but important issues that parties, lawyers, and judges need to confront in exploring the path suggested in Shields . Proving a violation of the Eighth Amendment's prohibition on cruel and unusual punishment requires proof of an intentional or criminally reckless tort. Farmer v. Brennan , 511 U.S. 825, 839-40, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ; Petties v. Carter , 836 F.3d 722, 728 (7th Cir. 2016) (en banc). The question is how to prove that a corporation acted with the required state of mind.
The legally simplest case would prove that a specific, identified employee acted with the required deliberate indifference. The employer would then be vicariously liable for its employee's tort committed within the scope of employment. The net result in such a case, however, would not differ much from the widespread practice of employers indemnifying their employees.
The next simplest case would be one in which one employee acted with deliberate indifference, but it is not possible to identify that employee. I expect that as long as the wrongdoer is identified reliably as an employee acting within the scope of employment, ordinary principles of respondeat superior liability would apply.
The more challenging cases, and the problems that contribute to the need to reexamine the application of Monell to private corporations, are cases where the plaintiff cannot show that a single employee acted with deliberate indifference, but where the evidence allows an inference that a group of employees acted with a collective indifference to a prisoner's health or safety. Experience with many prisoners' health care suits suggests this pattern may be common, especially within corporate structures that diffuse responsibility among different people. Consider, for example, the possibility of a scheduling team who do not try to schedule promptly surgeries that prisoners need to treat serious pain.
General tort law does not seem to provide a consensus on the problems of collective intent posed by claims for intentional torts against corporations. See Burlington Industries, Inc. v. Ellerth , 524 U.S. 742, 756, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998) (discussing vicarious liability for intentional torts); Restatement (Second) Agency §§ 219 & 228 (1958) (addressing when master will be liable for intentional torts by servant); Prosser & Keeton on The Law of Torts § 70, at 505-06 (1984) (master will be liable for fraud or defamation by sales representative); see also Restatement (Third) of Agency § 7.03, comment *499 (e) (2006) (discussing different approaches to corporate intent for purposes of punitive damages).
The problem of corporate intent can also be thorny under federal statutes, such as those providing civil remedies for securities fraud. See Makor Issues & Rights, Ltd. v. Tellabs Inc. , 513 F.3d 702, 707-09 (7th Cir. 2008) (focusing on state of mind of corporate management for corporate liability in securities fraud cases and discussing Southland Securities Corp. v. INSpire Ins. Solutions, Inc ., 365 F.3d 353, 366 (5th Cir. 2004) ); Patricia S. Abril & Ann Morales Olazábal, The Locus of Corporate Scienter , 2006 Colum. Bus. L. Rev. 81, 114 (2006) ("The perceived weaknesses in the respondeat superior approach have led to the development of a corollary to the agency principle that allows for aggregation of the knowledge of several corporate employees in order to find the corporation liable: the collective knowledge doctrine."); Ashley S. Kircher, Corporate Criminal Liability versus Corporate Securities Fraud Liability, Analyzing the Divergence in Standards of Culpability , 46 Am. Crim. L. Rev. 157, 161 (2009) ("Courts in the United States are in notable disarray when analyzing the intent of corporations sued under the securities laws. Some courts have rejected the application of the doctrine of collective scienter, while others have embraced the doctrine with varying degrees of strength.").
I do not propose to answer those questions here, but I hope that parties pursuing the larger Monell issue will pay attention to them as they make their records and write their briefs.